# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

LARRY D. JOHNSON (01),

        **Defendant.**

Case No. 17-20034-01-DDC

## MEMORANDUM AND ORDER

This matter is before the court on pro se[1] defendant Larry Johnson's Second Motion to Dismiss Indictment (Doc. 114). Mr. Johnson also made oral arguments at a hearing on January 7, 2020. The government has responded (Doc. 115). For reasons discussed below, the court denies Mr. Johnson's motion.

### I.       Background

The government has charged Mr. Johnson in a three count Second Superseding Indictment. Doc. 70. Count 1 charges Mr. Johnson with violating 21 U.S.C. § 841(a)(1) and (b)(1)(C), accusing him of knowingly and intentionally possessing cocaine with intent to distribute. Count 2 charges Mr. Johnson with violating 18 U.S.C. § 924(c)(1)(A)(i), accusing him of knowingly possessing a firearm in furtherance of a drug trafficking crime. Count 3 charges Mr. Johnson with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), accusing him of knowingly possessing a firearm with knowledge he had previously been convicted of a crime punishable by more than one year in prison.

---

[1]       Because Mr. Johnson proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Mr. Johnson previously has filed a Motion to Dismiss the Indictment (Doc. 58) which the court denied (Doc. 90).

## II.     Discussion

Mr. Johnson asserts that the court lacks jurisdiction over him because he did not consent to be tried under admiralty law. And, because the government cannot "produce the contract or obligation that [proves he has] consented to be tried under maritime law in admiralty court," the court lacks subject matter jurisdiction in his case.[2] Doc. 114 at 1–2. Mr. Johnson asserts that "[i]t is never too late to challenge subject matter jurisdiction. It ain't over until the defendant gives up." *Id.* at 2. And so, Mr. Johnson asks the court to dismiss the Second Superseding Indictment for lack of jurisdiction, with prejudice.[3]

The court is not persuaded. This is just another permutation of Mr. Johnson's argument in his earlier Motion to Dismiss. Doc. 58 at 2 (asserting the Second Superseding Indictment was defective because it failed to reference admiralty jurisdiction under 18 U.S.C. §§ 7 or 13). Federal district courts do "have original jurisdiction" over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333. But neither admiralty nor maritime jurisdiction is relevant in this matter. *See, e.g.*, *United States v. Reed*, No. 4:12CR373 AGF (DDN), 2013 WL

---

[2]     Mr. Johnson also invokes Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") and 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Mr. Johnson does not explain why he believes the Federal Rules of Civil Procedure apply in this criminal proceeding. And indeed, they do not apply. *See United States v. Graham*, 248 F. App'x 929, 931 (10th Cir. 2007) (holding that the Federal Rules of Civil Procedure do not apply in criminal cases); *see also United States v. Telemaque*, 785 F. App'x 792, 793–94 (11th Cir. 2019) (affirming that "the Federal Rules of Civil Procedure cannot be used to seek relief in a criminal case").

[3]     Mr. Johnson also states that "the court [cannot] proceed [without] subject matter and personal jurisdiction." Doc. 114 at 3. But, while Mr. Johnson's motion discusses subject matter jurisdiction extensively, it never argues that the court lacks personal jurisdiction over him. The court thus construes Mr. Johnson's motion as a motion to dismiss for lack of subject matter jurisdiction because Mr. Johnson makes no argument about personal jurisdiction.

11762139, at *4–5 (E.D. Mo. May 2, 2013) (dismissing defendant's argument that he could be subject to the court's jurisdiction only if he had a contract with the United States as "lacking in merit"); *Gilbert v. United States*, No. 12-cv-01637-BNB, 2012 WL 3264278, at *2 (D. Colo. Aug. 10, 2012) (dismissing defendant's "challenge to his criminal conviction based upon admiralty jurisdiction" as "an indisputably meritless legal theory" (internal quotation marks omitted)); *United States v. Blackburn*, No. 09-20133, 2010 WL 5014449, at *2 (D. Kan. Dec. 3, 2010) (Lungstrum, J.) (dismissing defendant's argument that the court lacked jurisdiction over his criminal case because he had not consented to admiralty jurisdiction as "largely nonsensical and lacking in merit").

Generally, "admiralty jurisdiction depends upon the nature of the transaction." *Grant Smith-Porter Ship Co. v. Rohde*, 257 U.S. 469, 476 (1922). And Mr. Johnson's case does not involve any act or omission allegedly occurring on "navigable waters" or anything connected to navigation or commerce. *Id.* at 475–76. Mr. Johnson is mistaken about the nature of the court's jurisdiction in his case.

"The criminal jurisdiction of the courts of the United States is derived exclusively from acts of Congress." *Hudspeth v. Melville*, 127 F.2d 373, 375 (10th Cir. 1941) (citing *Jones v. United States*, 137 U.S. 202 (1890)). Section 3231 of Title 18 of the United States Code explicitly vests federal district courts with original jurisdiction over "all offenses against the laws of the United States."[4] So, for the court to have jurisdiction over the crimes charged here,

---

[4] Though he doesn't say so explicitly, the court could *liberally* construe Mr. Johnson's motion as arguing the court lacks jurisdiction over him because 18 U.S.C. § 3231 is unconstitutional. But that argument is equally without any merit. *See United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (dismissing an argument that 18 U.S.C. § 3231 is unconstitutional as "unbelievably frivolous."); *see also United States v. Delatorre*, No. 03 CR 90, 2008 WL 312647, at *1 (N.D. Ill. Jan. 30, 2008) (discussing 18 U.S.C. § 3231's legislative history and noting that the statute passed both houses of Congress and was signed by the President).

Congress must have proscribed the criminal offense "explicitly." *Jerome v. United States*, 318 U.S. 101, 105 (1943).

Here, Mr. Johnson is charged with three counts: (1) possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) knowing possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Doc. 70 at 1–3. Congress has proscribed these offenses explicitly.

Section 841(a) makes it is "unlawful for any person" to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a)(1). And § 924(c)(1)(A) makes it unlawful to possess a firearm during and in relation to any drug trafficking crime "for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A). Section 922(g)(1) makes it unlawful for a person who was "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "ship or transport" a firearm "in interstate commerce," "possess [a firearm] in or affecting interstate commerce," or "receive" any firearm or ammunition that was transported in interstate commerce. 18 U.S.C. § 922(g)(1). The penalties for these offenses also are set forth in these federal statutes.

To his credit, Mr. Johnson is correct about one thing: the court must have subject matter jurisdiction over his case. But, here, the Second Superseding Indictment clearly charges Mr. Johnson with violations of federal law. And, thus, the court has jurisdiction under 18 U.S.C. § 3231. Mr. Johnson's contention that the court is exercising admiralty jurisdiction is without merit. So, the court denies Mr. Johnson's Motion to Dismiss Indictment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Johnson's Motion to

Dismiss Indictment (Doc. 114) is denied.

**IT IS SO ORDERED.**

**Dated this 13th day of January 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**