IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LARRY D. JOHNSON (01),<br><br>　　　　　Defendant. | Case No. 17-20034-01-DDC |

**MEMORANDUM AND ORDER**

**I.　　Background**

This case comes back to our court on a "limited purpose" remand from the Tenth Circuit Court of Appeals. The remanded issue emerges from the government's claim that defendant filed an untimely notice of appeal. The narrow issue remanded to our court asks "whether to grant Appellant [Larry Johnson] relief under Fed. R. App. P. 4(b)(4)." *See* Doc. 192.

In the case's original turn here, a jury found defendant Larry D. Johnson guilty of three felony charges in early 2020. The court sentenced Mr. Johnson on May 20, 2021, and entered judgment the next day. *See* Docs. 70, 161 & 164. Mr. Johnson insisted on representing himself at the sentencing hearing, as he had during trial and pretrial proceedings. The court appointed stand-by counsel for Mr. Johnson and indeed, Mr. Johnson consulted with him at trial, during the sentencing hearing, and during various other hearings. What followed next set the stage for the current remand.

The parties agree that Mr. Johnson placed his Notice of Appeal in the prison mail system where he was incarcerated on June 6, 2021. *See* Docs. 189 at 2 & 191 at 2 (both citing Doc. 166). The parties also agree that Mr. Johnson, by doing so, made June 6 the effective filing date

for his Notice. *See* Doc. 189 at 2 (citing Fed. R. App. P. 4(c)(1)); Doc. 191 at 2 (citing the "prisoner mailbox rule" in *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005)). Finally, the parties agree, Mr. Johnson's 14-day deadline for filing his notice had expired two days earlier, on June 4, 2021. Doc. 189 at 2; Doc. 191 at 3. At this point, however, the parties' views diverge.

Mr. Johnson, now represented by counsel, urges the court to construe his untimely pro se notice of appeal "to include a request for the Court to extend the time for filing the notice based on excusable neglect." Doc. 189 at 3. This request invokes Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a rule authorizing district courts, on "a finding of excusable neglect or good cause . . . [to] extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b). Rule 4 permits appellants in a criminal case to request such an extension even "after the time [to file a notice of appeal] has expired[.]" *Id*. The United States opposes Mr. Johnson's request. The government hinges its opposition on the premise that Mr. Johnson has failed to establish "excusable neglect"—the only prong of Rule 4(b) he has invoked.

In Part II, below, the court identifies the legal standard governing the issue remanded.[1] Then, in Part III, the court analyzes the merit of the pending motion. Ultimately, the court finds that Mr. Johnson has established excusable neglect under Fed. R. App. 4(b)(4).

## II. Legal Standard

Rule 4(b)(4) provides that district courts "may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R.

---

[1] Mr. Johnson originally filed his motion as one seeking an indicative ruling under Fed. R. Crim. P. 37 and Fed. R. App. P. 12.1. But because the Circuit since has remanded the Rule 4(b)(4) issue, the court no longer needs to invoke the indicative ruling procedure authorized by Rule 37.

App. P. 4(b)(4).  As it applies here, this provision allows the court to give Mr. Johnson 30 more days following the 14 days allowed for a notice of appeal under Rule 4(b)(1)(A)(i).  Since Mr. Johnson missed the 14-day deadline by just two days, he filed his untimely Notice of Appeal well within the 30-day window allowed by Rule 4(b)(4).

But criminal case appellants can't secure Rule 4(b)(4)'s 30-day extension simply by asking for it.  Instead, the rule explicitly recognizes two alternative prerequisites for granting the additional 30-days.  In the words of the rule, a district court may extend the time "[u]pon a finding of excusable neglect or good cause[.]"  *Id.*  Mr. Johnson's motion here invokes just one of those two alternatives—the excusable neglect prong of the rule.[2]  He never suggests that he meets the rule's "good cause" prong.  *Compare* Doc. 189 (defendant's motion) at 3 (recognizing that Rule 4(b) permits extensions based on finding "of excusable neglect or good cause") *with id*. at 1 (seeking extension "for excusable neglect"), 3 ("Mr. Johnson should thus be permitted the opportunity to show excusable neglect"), 5 ("A finding of excusable neglect is appropriate here"), 6 (arguing excusable neglect but not good cause), 7 (same), and 8 (urging court to "grant such request for excusable neglect").

Our Circuit identified the legal standard district courts must apply to claims of excusable neglect in *United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004).  *Torres* explained that a 1993 Supreme Court decision is the "leading case" defining this term and it had adopted a four-part test for district courts to apply.  *Id*. at 1161 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).  And while *Pioneer* construed this term as used in a Bankruptcy Rule, the Tenth Circuit viewed *Pioneer*'s holding as "highly persuasive" for the term

---

[2] The "good cause" alternative in Rule 4(b)(4) "'comes into play in situations in which there is not fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *United States v. Torres*, 372 F.3d 1159, 1161 n.1 (10th Cir. 2004) (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004)).

3

more broadly. *Id.* at 1161–62. "To be sure, [*Pioneer*] recognized that the term might not have the same meaning in different rules . . . ; but absent some specific reason to depart from *Pioneer*, we should follow the Supreme Court's lead." *Id.* (quotation cleaned up).

Consistent with this philosophy, the Tenth Circuit explicitly adopted *Pioneer* for Rule 4(a)'s provision governing appeals in civil cases. *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). Ten years later, *Torres* adopted the *Pioneer* standard as controlling for Rule 4's provision governing criminal appeals. 372 F.3d at 1162 ("We now likewise conclude that the Supreme Court's construction of 'excusable neglect' in *Pioneer* also applies to the term 'excusable neglect' as it is used in the context of Federal Rule of Appellate Procedure 4(b)(4).").[3]

*Pioneer*'s test for determining "whether a party's neglect is excusable 'is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission.'" *Torres*, 372 F.3d at 1162 (quoting *Pioneer*, 507 U.S. at 395). The pertinent circumstances include:

> "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."

*Id.* (alterations in original) (quoting *Pioneer*, 507 U.S. at 395). Other Circuits have "observed that the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *Graphic Comms. Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (quotation cleaned up); *see also Lowry v. McDonnell Douglas*

---

[3] The Circuit recently has reinforced the principle that the *Pioneer* standard governs "excusable neglect" in Rule 4(b)(4). *See United States v. Allen*, No. 21-6067, 2022 WL 535144, at *2 (10th Cir. Feb. 23, 2022) (applying *Torres* and *Pioneer* to Fed. R. App. P. 4(b)(4)); *United States v. Munoz*, 664 F. App.'x 713, 715 (10th Cir. 2016) (same).

*Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).  This view comports with the Tenth Circuit's view that "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."  *Torres*, 372 F.3d at 1163.

The court now applies the *Pioneer* standard to Mr. Johnson's request here.

**III.**    **Analysis**

While the parties have approached the current motion as a single-issue dispute, the court perceives it to present two questions.  First, should the court (as defendant requests) construe Mr. Johnson's untimely notice of appeal as a motion to extend the time to appeal under Fed. R. App. P. 4(b)(4)?  And if so, has defendant established excusable neglect under that rule?  Parts A and B discuss each question in turn.

> **A. Should the court construe Mr. Johnson's untimely Notice of Appeal as a motion to extend under Fed. R. App. P. 4(b)(4)?**

This first question stems from an explicit assertion in Mr. Johnson's motion.  Namely, he asserts that the court should construe his untimely Notice of Appeal as a request to extend the time for filing an appeal based on excusable neglect.  *See* Doc. 189 at 3 (¶ 8).  The court recognizes that it must interpret Mr. Johnson's pro se filing in a liberal and forgiving manner.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Johnson's Notice of Appeal is unusual—it begins with a lengthy quotation from our Declaration of Independence.  *See* Doc. 166 at 1.  It then turns to language commonly used by sovereign citizen filers.  *See, e.g.*, *id.* ("FACT.  State citizens are nationals of their native states and are joint tenants in the sovereignty of the nation . . . .  [W]hen laws go against inherent sovereign, unalienable rights, they are null and void. . . .").  The court can find no words within this mélange that one could construe—even when using the forgiving lens applied to pro se

5

filings—as a Rule 4(b)(4) motion. But the Tenth Circuit has resolved this problem in Mr. Johnson's favor with its holding in *United States v. Lucas*, 597 F.2d 243 (10th Cir. 1979).

In *Lucas*, a criminal case, the pro se defendant filed his notice of appeal ten days after the then-10-day window in Rule 4(b)(1)(A) had expired but within the extended window, *i.e.*, the 30 days permitted by Rule 4(b)(4). *Id*. at 244. Unaware that he had missed the 10-day deadline for filing a notice of appeal, the *Lucas* defendant never filed a motion seeking to extend his deadline for filing such a notice. The Court of Appeals thus had to decide whether it had jurisdiction to decide the defendant's appeal. The Circuit decided the issue by holding that the defendant's untimely notice—filed, as it was, within the 30-day extension period recognized by Rule 4(b)(4)—qualified as a motion to extend by 30 days.

> It is the opportunity to establish excusable neglect which courts should extend to appellants such as Lucas who have tried, but technically failed, to comply with the requirements for filing a notice of appeal.
>
> * * *
>
> Accordingly, we hold that a defendant who filed his notice of appeal beyond the time specified in Fed. R. App. P. 4, but within the thirty-day permissible extension period, should have the opportunity to seek relief by showing excusable neglect.

*Id.* at 245 (citations omitted).

*Lucas* thus directs the court to construe an untimely notice under Rule 4(b)(1)(A), *i.e.*, one made more than 10 days after the entry of judgment, as a motion to extend the appeal deadline under Rule 4(b)(4). This rule presupposes, of course, that the appealing defendant filed his notice within the 30-day window recognized in Rule 4(b)(4). Here, because Mr. Johnson made his untimely notice within that 30-day window, the court construes Mr. Johnson's untimely notice as a motion under Fed. R. App. P. 4(b)(4). This conclusion shifts the analysis to the last

question presented by the remanded issue:  Has Mr. Johnson demonstrated the requisite excusable neglect?  Part B, following, answers this question.

> **B.  Has Mr. Johnson established "excusable neglect" under Fed. R. App. P. 4(b)(4)?**

As the defendant seeking a time extension to file a notice of appeal, Mr. Johnson has the burden to establish "excusable neglect."  *See United States v. Cortez-Perez*, 317 F. App'x 829, 832 (10th Cir. 2009).  Though it is a close call, the court finds he has carried his burden.

Recall the four *Pioneer* factors that courts consider to decide whether there's excusable neglect:  "'[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"  *Torres*, 372 F.3d at 1162 (alterations in original) (quoting *Pioneer*, 507 U.S. at 395).

To begin, the court easily concludes that the first, second, and fourth factors weigh in favor of finding excusable neglect.  There is no danger of prejudice to the government here.  Mr. Johnson filed his notice of appeal two days late.  As he highlights, that untimely filing "did not deprive the Government of the opportunity to fully present its argument on appeal[.]"  Doc. 189 at 7.  Indeed, the appeal is briefed on the merits and the Tenth Circuit has scheduled the case for oral argument.  These circumstances persuade the court that the second *Pioneer* factor also weighs in favor of excusable neglect:  the two-day delay wouldn't have—and indeed, hasn't had—a great effect on the judicial proceedings.  And, there's no indication that bad faith produced the delay.  So, the fourth *Pioneer* factor also weighs in his favor.  The government doesn't provide any argument on these three factors.  So, the court concludes that the first, second, and fourth factors weigh in favor of finding excusable neglect.

The court now turns to the third factor, the reason for the delay.  While the excusable neglect inquiry "'is at bottom an equitable one, taking account of all relevant circumstances

surrounding the party's omission[,]'" *Torres*, 372 F.3d at 1162 (quoting *Pioneer*, 507 U.S. at 395), our Circuit has emphasized that "fault in the delay remains a very important factor—*perhaps the most important single factor*—in determining whether neglect is excusable[,]" *id.* at 1163 (quotation cleaned up) (emphasis added).

Here, the court accepts Mr. Johnson's proffered reason for delay. At a hearing on this motion, Mr. Johnson's counsel explained that the 14-day appeal deadline fell on June 4, 2021 (a Friday), and Mr. Johnson mailed his notice of appeal on June 6, 2021 (a Sunday). Counsel explained that Mr. Johnson mistakenly believed his filing on a Sunday would backdate to the last business day, *i.e.*, Friday, June 4. Counsel also pointed out that, had the court entered its judgment just one day later, on May 22, 2021, the 14-day deadline would've ended on Saturday, June 5. In that circumstance, Fed. R. Civ. P. 6(a)(1)(C) provides that the filing period would've "continue[d] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, Monday, June 7 would become the filing deadline in this counterfactual world, making Mr. Johnson's notice of appeal timely.

The court engages this counterfactual merely to highlight how close this case is. Tweak a few details in the timeline and there's no issue. Given those close circumstances, the court finds Mr. Johnson has provided an adequate explanation for his two-day delay. And, in conjunction with the other *Pioneer* factors that clearly weigh in his favor, the court finds Mr. Johnson has established excusable neglect.

The court is mindful of our Circuit's decision in *Torres*. There, the Circuit reversed a district court's finding of excusable neglect, even though the first, second, and fourth factors weighed in favor of excusable neglect. *Id.* at 1162–63. The Circuit concluded that the district court had abused its discretion in accepting as the "reason for the delay . . . that defense counsel

[had] confused the filing deadlines for civil and criminal appeals." *Id.* at 1163; *cf. Biodiversity Conservation All. v. Bureau of Land Mgmt.*, 438 F. App'x 669, 673 (10th Cir. 2011) (concluding, in civil appeal, that "while the result may appear to be harsh, *Torres* necessitates the conclusion that the district court erred in granting [appellant] an extension to file its notice of appeal based on excusable neglect" because "counsel's miscalculation of the deadline or a failure to read the rule . . . cannot constitute excusable neglect under *Torres*"). But the court reads *Torres* to apply to *counsel*'s errors in failing to read the rules. Indeed, our Circuit has explained *Torres*'s significance: district courts cannot rest a "finding of excusable neglect *solely* on the *defense counsel's* misunderstanding of the plain and unambiguous language" of a relevant rule. *United States v. Vogl*, 374 F.3d 976, 981–82 (10th Cir. 2004) (emphases added). The court doesn't read *Torres* to extend to pro se criminal defendants. *Id.* at 982 (stressing how the Circuit "generally give[s] greater deference in criminal appeals" on this issue).

Here, when Mr. Johnson filed his notice of appeal pro se, he thought—mistakenly but reasonably—that the 14-day appeal deadline backdated to the last business day, and the remaining *Pioneer* factors clearly weigh in his favor. Relying on all these circumstances—and especially the "greater deference" given in criminal appeals, *id.*—the court finds Mr. Johnson has established excusable neglect under Fed. R. App. P. 4(b)(4). *See id.* at 981–82 (concluding district court didn't abuse its discretion in finding excusable neglect, even though it incorrectly relied on counsel's mistake as reason for delay, because "most of [the district court's *Pioneer*] analysis was proper," the Circuit only "reverse[s] in the event of clear abuse of discretion" in these cases, and the Circuit "generally give[s] greater deference in criminal appeals" (internal quotations omitted)). The court thus retroactively extends Mr. Johnson's appeal deadline by 30 days.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Johnson's liberally construed motion to extend the time for filing an appeal under Fed. R. App. P. 4(b)(4), contained in his Notice of Appeal (Doc. 166) and elaborated upon in his Motion for Indicative Ruling (Doc. 189), is granted.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2022, at Kansas City, Kansas.

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**